UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARMANDO SIMONAJ,

                              Petitioner,

                -v.-

MERRICK GARLAND et al.,

                              Respondents.

23 Civ. 10322 (JHR)

ORDER ADOPTING REPORT AND
RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

On November 27, 2023, Petitioner Armando Simonaj filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus vacating an order of mandatory detention imposed under U.S. Department of Homeland Security regulations.  *See* ECF No. 1; *see also* 8 C.F.R. 208.33(a).  On November 28, 2023, the Clerk of Court issued a notification on the docket to Petitioner's attorney, Sam Gjoni, that the Petition "[wa]s deficient [because it] was not properly signed by the attorney," and directed Mr. Gjoni to "[r]e-file the pleading."  *See* Nov. 28, 2023 Minute Entry; *see also* S.D.N.Y. Elec. Case Filing Rs. & Instrs. § 8.2 (enumerating the requirements governing signatures on electronically filed documents).  Mr. Gjoni did not refile the Petition.

On December 28, 2023, Magistrate Judge Cave, to whom this Court had referred the Petition for a report and recommendation, directed Mr. Gjoni to refile the corrected Petition by January 3, 2024 in accordance with the Clerk of Court's November 28 directive.  *See* ECF No. 2. Judge Cave cautioned Mr. Gjoni "that the failure to file the corrected Petition may result in a recommendation that this action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)."  *Id.* at 1; *see also* Fed. R. Civ. P. 41(b) (providing for dismissal of an action "[i]f [*inter alia*] the plaintiff fails to prosecute or to comply with . . . a court order").

Mr. Gjoni did not file a corrected Petition pursuant to Judge Cave's December 28 Order. On January 19, 2024, Judge Cave ordered Mr. Gjoni "to show cause by **January 29, 2024** why

the Petition should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute or Federal Rule of Civil Procedure 16(f) for failure to comply with a Court Order." *See* ECF No. 3 at 2 (emphasis in original).  Judge Cave informed Mr. Gjoni that he could satisfy the Order to Show Cause "by filing either (i) a corrected Petition that meets the filing requirements of S.D.N.Y. Elec. Case Filing Rules & Instructions § 8, or (ii) a declaration explaining why the Court should deem the signature on the Petition to comport with those requirements." *Id*.  Once again, she cautioned Mr. Gjoni of the consequences of noncompliance with the Court's directives, stating: "Mr. Gjoni is warned that failure to comply with this Order will result in a recommendation that the Petition be dismissed without prejudice." *Id.* (emphasis in original).  Mr. Gjoni did not respond to the January 29 Order to Show Cause, refile the Petition, or otherwise communicate with the Court.

On February 1, 2024, Judge Cave issued a Report and Recommendation to this Court (the "Report"), recommending that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See* ECF No. 4.  The Report notified Petitioner that "**FAILURE TO OBJECT [TO THE REPORT] WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW**." *Id.* at 5 (capitalization and emphasis in original).  Petitioner did not file any objections to the Report.

After Judge Cave issued her Report on February 1, this Court provided Petitioner nearly another month in which to respond or to take any other action to prosecute this case.  To date, he has not done so.

For the following reasons, the Court adopts the Report in its entirety.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §

636(b)(1)(C).  "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Ruiz v. Citibank, NA.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also*, *e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  As no party has submitted objections to the Report, review for clear error is appropriate.  Careful review of Judge Cave's Report reveals no facial error in its conclusions.  The Report is therefore adopted in its entirety.

Furthermore, "[b]ecause the Report explicitly states that 'failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review,' [Petitioner's] failure to object operates as a waiver of appellate review."  *Shankar v. Accenture LLP*, 21 Civ. 03045 (PAE) (S.D.N.Y. Jan. 10, 2024) (citation omitted); *see also Stevens v. Duquette*, No. 22-1571, 2024 WL 705954, at *1 (2d Cir. Feb. 21, 2024) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003)).

## CONCLUSION

For the foregoing reasons, the Court dismisses this action without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: February 29, 2024
New York, New York

JENNIFER H. REARDEN
United States District Judge